# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| PATTY GORDON, et al., | CASE NO.:  5:07CV3443 |
| Plaintiffs, | JUDGE JOHN ADAMS |
| v. | **ORDER AND DECISION** |
| GULF STREAM COACH, INC., | |
| Defendant. | |

This matter comes before the Court on Motion by Defendant Gulf Stream Coach Inc. ("Gulf Stream") to transfer venue or in the alternative dismiss this matter for improper venue.  The Court has been advised, having reviewed the motion, response, reply, pleadings, exhibits, and applicable law.  For the reasons stated below, Gulf Stream's motion is DENIED.

This matter arises out of the March 23, 2004 purchase of a motor home by Plaintiffs Patty and Barry Gordon.  Upon purchasing the vehicle, Plaintiffs received a limited warranty issued by Gulf Stream.  Based upon alleged defects in the vehicle, Plaintiffs filed suit in the Summit County Court of Common Pleas on October 2, 2007.  On November 6, 2007, Gulf Stream removed the matter to this Court.  On November 14, 2007, Gulf Stream answered the complaint.  This Court then scheduled and held a case management conference on March 20, 2008.  On April 3, 2008, Plaintiffs filed an amended complaint.  On April 17, 2008, Gulf Stream answered the complaint and filed a motion to dismiss alleging improper venue.  Gulf Stream based its motion on a forum

selection clause contained in the limited warranty received by Plaintiffs. The clause reads as follows:

> Exclusive jurisdiction for deciding any claims, demands or causes of action for defects or representations of any nature or damages due from such defects or representations shall be in the courts of the State of Manufacture[,Indiana]. The laws applicable to any litigation, dispute, mediation, arbitration or any claim whatsoever arising from the sale, purchase, or use of the recreational vehicle shall be those of the State of Manufacture.

Based upon this provision, Gulf Stream asserts that this matter must be transferred to the appropriate district court in Indiana.

Upon review, this Court finds that Gulf Stream has waived its right to enforce the forum selection clause. Fed.R. Civ.P. 12(h) provides that a party waives any defense based on venue by failing to either raise the defense in a responsive pleading or by motion before a pleading is filed. *See Nashery v. The Carnegie Trading Group Ltd., Inc.*, Case No. 1:05CV781, 2006 WL 1272556, at *1 (N.D.Ohio May 5, 2006); *see also Am. Home Assurance Co. v. TGL Container Lines, Ltd.*, 347 F.Supp.2d 749, 765 (N.D.Cal. 2004) (noting that "a defense of improper venue is waived unless it is included in the defendant's first Rule 12 motion or, if no such motion is filed, in the answer to the complaint").

In the instant matter, Gulf Stream removed this matter in November of 2007. In filing its answer, Gulf Stream included numerous defenses based on the limited warranty issue to Plaintiffs. Specifically, Gulf Stream included the following defenses based on the limited warranty:

> Plaintiffs' claims are limited by and governed by the provision of Gulf Stream's Limited Warranty, including, but not limited to, the choice of Indiana law, the notice requirements, exclusion and limitations of warranty, and the obligations of the retailer owner.

> To the extent this action was brought after the limitations contained in the above referenced Limited Warranty, or was brought after the period of any other applicable statutes of Limitation or repose, then this action is barred.
>
> Plaintiffs warranty claims are barred in whole or in part by the exclusion of warranties contained in the above-referenced Limited Warranty, as well as by the applicable provisions of law, including, but not limited to I.C. Section 26-1-2-316.

Despite repeatedly referencing the limited warranty in its defenses, Gulf Stream failed to raise the forum selection clause and failed to assert that venue was improper before this Court.

The Court and parties spent considerable time in this matter prior to the filing of the motion to transfer venue.  A case management conference was held more than four months after the matter was removed to the Court.  It was near the end of this conference that Gulf Stream first raised the possibility of a forum selection clause.  Despite this acknowledgment, Gulf Stream waited nearly a month to raise such an issue and did not do so until after Plaintiffs amended their complaint.  Thus, it was more than five months after removing this matter before Gulf Stream moved to transfer venue based on the forum selection clause.

Based upon the above, the Court finds that Gulf Stream has waived its right to enforce the forum selection clause at issue.  The defense of improper venue was not included in Gulf Stream's original answer, nor does the Court believe it was raised in a timely manner thereafter.  Gulf Stream's motion to transfer, therefore, is DENIED.

So ordered.

Dated: <u>August 5, 2008</u>                               ____/s/ John R. Adams_____
                             JUDGE JOHN R. ADAMS
                             UNITED STATES DISTRICT COURT